**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

| | |
|---|---|
| JOVANY RODRIGO RANGEL, ) | Case No. CV 20-00251-AS[1] |
| ) | |
| Petitioner, ) | **ORDER GRANTING MOTION TO** |
| ) | **DISMISS THE PETITION, AND** |
| v. ) | **DENYING THE PETITION AND** |
| ) | **DISMISSING ACTION WITH** |
| W.L. MONTGOMERY, Warden, ) | **PREJUDICE** |
| ) | |
| Respondent. ) | |
| ) | |

## I. PROCEEDINGS

On January 9, 2020, Jovany Rodrigo Rangel ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition") (Docket Entry No. 1).[2]

---

[1] The parties have consented to proceed before the undersigned United States Magistrate Judge. (Docket Entry Nos. 10, 12).

[2] The Petition was signed on March 20, 2019, lodged with the Clerk of the Court on January 8, 2020, and filed with the Clerk of the Court on January 9, 2020. An attached Proof of Service by Mail was signed on March 20, 2019.

A habeas petition is constructively filed on the date a

1

The Petition asserts the following claims for federal habeas relief: (1) The trial court improperly dismissed juror no. 8, in violation of Petitioner's rights to a fair trial, unanimous jury, and due process under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and the California Constitution; (2)

---

prisoner presents his federal habeas petition to prison authorities for forwarding to the Clerk of the Court. <u>Saffold v. Newland</u>, 250 F.3d 1262, 1268 (9th Cir. 2000), <u>vacated on other grounds</u>, 536 U.S. 214 (2002); <u>Huizar v. Carey</u>, 273 F.3d 1220, 1222 (9th Cir. 2001).

Although the Court normally would find the Petition to be constructively filed on March 20, 2019 based on the date the Petition and Proof of Service by Mail were signed, <u>see</u> <u>Roberts v. Marshall</u>, 627 F.3d 768, 770 n.1 (9th Cir. 2010)("When a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed."), Petitioner is not entitled to the benefit of the "mailbox rule" based on (a) the unexplained excessive amount of time between the date on which the Petition and the Proof of Service by Mail were signed (March 20, 2019), and the date on which the Petition was filed (January 9, 2020), and (b) the fact that the back of the envelope in which the Petition was mailed contains the handwritten notations "J.V 1-3-20" and "1/3/20 (indecipherable initials)" (<u>see</u> Petition at 46 [referring to the page number using the ECF numbering system]).  The handwritten notations suggest that Petitioner presented the Petition to prison authorities for mailing on or about January 3, 2020.

As discussed below, although Petitioner had the opportunity to explain the discrepancies between the date on which the Petition and Proof of Service by Mail were signed (March 20, 2019), and the date on the back of the envelope in which the Petition was mailed (January 3, 2020) and/or the date on which the Petition was filed (January 9, 2020), he failed to do so.

Therefore, for the purposes of its analysis, the Court will use January 9, 2020, the date the Petition was actually filed, as the filing date.  However, the Court notes that even if the Court were to consider January 3, 2020 as the constructive filing date of the Petition (based on the notations on the back of the envelope in which the Petition was mailed), the Petition would still be time-barred for the reasons discussed below.

The trial court coerced a jury verdict after dismissing three jurors, empaneling three alternate jurors, and ordering the jury to begin deliberations anew, in violation of Petitioner's rights to due process and a fair trial by an impartial jury under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under the California Constitution; and (3) The trial court improperly instructed the jury with CALCRIM No. 372, in violation of Petitioner's rights to due process and a fair trial under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under the California Constitution. (Petition at 7-8, 14-41[3]).

On February 11, 2020, Respondent filed a Motion to Dismiss the Petition ("Motion to Dismiss")(Docket Entry No. 8), contending that the Petition is time-barred. (<u>See</u> Motion to Dismiss at 1, Memorandum of Points and Authorities at 1-5).

On February 11, 2020, the Court issued an Order directing Petitioner to file either an Opposition to the Motion to Dismiss or a Statement of Non-Opposition to the Motion to Dismiss. (Docket Entry No. 11).

On March 26, 2020, the Court, noting that Petitioner had failed to respond to the Court's February 11, 2020 Order, issued an

---

[3] The Court refers to page numbers using the ECF numbering system.

Order to Show Cause why the Motion to Dismiss should not be granted. (Docket Entry No. 13). The Court advised Petitioner that he could discharge the Order to Show Cause by filing, no later than April 27, 2020, an Opposition to the Motion to Dismiss or a Statement of Non-Opposition to the Motion to Dismiss in compliance with the Court's February 11, 2020 Order, or a statement setting forth why he is unable to do so. (Id. at 1). The Court informed Petitioner that if he proceeded to file an Opposition to the Motion to Dismiss, he must "specifically address why there is a discrepancy between the date on which the Petition and the Proof of Service by Mail were signed (March 20, 2019), and the date on the back of the envelope in which the Petition was mailed (January 3, 2020) and/or the date on which the Petition was filed (January 9, 2020)." (Id. at 1-2). The Court warned Petitioner that the failure to file either an Opposition to the Motion to Dismiss or a Statement of Non-Opposition to the Motion to Dismiss would be deemed consent to the granting of the Motion to Dismiss pursuant to Local Rule 7-12. (Id. at 2). The Court expressly warned Petitioner that the failure to file a timely response to the Order to Show Cause would result in an Order granting the Motion to Dismiss and denying the Petition and dismissing this action with prejudice. (Id.).

To date, Petitioner has failed to file either an Opposition to the Motion to Dismiss or a Statement of Non-Opposition to the Motion, a statement setting forth why he is unable to do so, or a

request for an extension of time to file pleadings.

Because the Petition is facially untimely, and because Petitioner has failed to establish that he is entitled to sufficient statutory or equitable tolling, it is RECOMMENDED that the Petition be DISMISSED with prejudice.

## II. BACKGROUND

On December 1, 2015, a Los Angeles County Superior Court jury in Case Number TA135945 found Petitioner guilty of one count of assault with a firearm in violation of California Penal Code ("P.C.") § 245(a)(2), and one count of kidnapping for robbery in violation of P.C. § 209(b)(1), and found true the special allegation that a principal personally used a firearm, i.e., a handgun, during the commission of the kidnapping for robbery (P.C. §§ 12022.53(b), (e)(2)). (See Respondent's Notice of Lodging ["Lodgment"] No. 1 at 15-16, 21, 38-39).[4] On September 16, 2016,

---

[4] The jury found the following special allegations not true: (1) that the assault with a firearm and the kidnapping for robbery were committed for the benefit of, at the direction of, or in association with a criminal street gang with the specific intent to promote, further or assist in criminal conduct by gang members (P.C. § 186.22(b)(1)(C)); (2) that during the commission of the kidnapping for robbery a principal personally and intentionally discharged a firearm, i.e., a handgun, which caused great bodily injury to the victim (P.C. §§ 12022.53(d), (e)(1)); and (3) that a principal personally and intentionally discharged a firearm, i.e., a handgun (P.C. §§ 12022.53(c), (e)(1)). (See Lodgment No. 1 at 15-16, 21, 38-39).

The jury found Petitioner's co-defendant, Abel Casillas,

the trial court sentenced Petitioner to state prison for life with the possibility of parole on the kidnapping for robbery conviction, plus 10 years on the principal personal firearm use finding, and a stayed term of 3 years on the assault with a firearm conviction. (<u>See</u> Lodgment No. 1 at 43-44, No. 2 at 2).

Petitioner appealed his convictions and sentence to the California Court of Appeal. (<u>See</u> Lodgment Nos. 2, 4-5). On February 5, 2018, the California Court of Appeal remanded the matter to the Los Angeles County Superior Court for a new sentencing hearing pursuant to P.C. 12022.53(h) ["The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section."],[5] but affirmed the judgment in all other respects. (<u>See</u> Lodgment No. 7).

On April 20, 2018 (on remand), the Los Angeles County Superior Court held a hearing, exercised its discretion not to "strike the punishment" pursuant to P.C. § 12022.53(h), and ordered that the sentence imposed on September 16, 2016 remain the same. (<u>See</u> Lodgment No. 10 at 32-33).

---

guilty of the same offenses, found various firearm allegations to be true, and found the criminal street gang allegations to be not true. (<u>See</u> Lodgment No. 1 at 11-12, 17, 35-37).

[5] "Under [Senate Bill] 620, trial courts have the discretion to strike firearm enhancements brought under §§ 12022.5 and 12022.53." <u>Chavez v. Baughman</u>, 2018 WL 5734654, *2 (C.D. Cal. Oct. 28, 2018).

Petitioner filed a Petition for Review with the California Supreme Court which was summarily denied on April 25, 2018. (See Lodgment Nos. 8-9).[6]

Petitioner admittedly has not filed any habeas petitions in the California courts. (See Petition at 4; see also http://appellatecases.courtinfo.ca.gov [last visited May 8, 2020]).

As stated above, the Petition was filed on January 9, 2020.

**III. DISCUSSION**

**1. The Petition is Time Barred**

A. The Limitations Period

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to the Petition because it was filed after the statute's effective date of April 24, 1996. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997). Under AEDPA, state prisoners must file their federal habeas petitions within one-year of the latest of the following dates:

(A) the date on which the judgment became final by the

---

[6] Neither party has provided the Court with a copy of the California Supreme Court's Order denying the Petition for Review.

          conclusion of direct review or the expiration of
the time for seeking such review;

  (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis." Mardesich v. Cate, 668 F.3d 1164, 1171 (9th Cir. 2012). The limitations period is tolled when a prisoner properly files an application for state post-conviction review (statutory tolling) and may also be tolled during reasonable periods of time between such state habeas proceedings (gap

tolling). 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005).

AEDPA's limitations period may also be tolled for equitable reasons "in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). The Ninth Circuit recognizes the availability of equitable tolling of the one-year statute of limitations in situations where "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). A prisoner must establish that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance caused the delay. Holland, 560 U.S. at 649. This is a highly fact-dependent determination. Spitsyn, supra.

B. Petitioner Did Not File His Petition Within The Limitations Period

As indicated above, a petitioner ordinarily has one-year from the date that the state court's judgment becomes final to file a federal habeas petition. See 28 U.S.C. § 2244(d)(1). A case becomes final at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The California Supreme Court denied Petitioner's Petition for Review on April 25, 2018. Petitioner's conviction became final on July 24, 2018, when Petitioner's time to petition the United States

9

Supreme Court for a writ of certiorari expired.[7]  See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001); see also Caspari v. Bohlen, 510 U.S. 383, 390 (1994)("A state conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely petition has been finally denied.").[8]  Therefore, the AEDPA one-year limitations period began to run on July 25, 2018 and, absent the application of an alternate start date under § 2244(d)(1),[9] or sufficient statutory or equitable tolling, the limitations period expired one year later, on July 25, 2019.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

As set forth above, the instant Petition was filed on January 9, 2020, more than five months after the statute of limitations expired on July 25, 2019.  Therefore, absent grounds for equitable

---

[7] Pursuant to United States Supreme Court Rule 13.1, Petitioner had 90 days from the date the California Supreme Court denied his Petition for Review to petition the Supreme Court for a writ of certiorari.

[8] Since Petitioner did not appeal his resentencing to the California Court of Appeal or the California Supreme Court, Petitioner was unable to petition the United States Supreme Court for a writ of certiorari. See 28 U.S.C. §§ 1257 and 2101(d); Sup. Ct. R. 13.1.

[9] Since Petitioner does not allege the applicability of other circumstances that would delay the running of the statute of limitations (see 28 U.S.C. § 2244(d)(1)(B), (C), (D)), the Court will not address those provisions.

tolling, the Petition is untimely.

### C. Petitioner Is Not Entitled To Equitable Tolling

The United States Supreme Court has recognized the availability of equitable tolling to the one-year statute of limitations in "extraordinary circumstances," such as those involving "serious instances of attorney misconduct." Holland, 560 U.S. at 649-52.

The Ninth Circuit recognizes the availability of equitable tolling of the one-year statute of limitations in situations where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. Spitsyn, 345 F.3d at 799. The words "extraordinary" and "impossible" suggest the limited availability of this doctrine and, to date, the Ninth Circuit has found very few circumstances which warrant equitable tolling.[10] See

---

[10] See e.g., Grant v. Swarthout, 862 F.3d 914, 925-26 (9th Cir. 2017)(equitable tolling warranted where prison officials failed to provide petitioner with a requested prison account certificate, a document the petitioner needed in order to file his habeas petition); Luna v. Kernan, 784 F.3d 640, 646-49 (9th Cir. 2015)(equitable tolling warranted where petitioner's counsel voluntarily dismissed petitioner's timely federal habeas petition for no good reason, misled petitioner to believe that a fully exhausted federal habeas petition would be filed "shortly" [without informing petitioner that the statute of limitations was going to run in three weeks], and misled petitioner to believe - for more than six years - that his federal habeas petition was moving forward toward a hearing on the merits); Rudin v. Myles, 781 F.3d 1043, 1056-59 (9th Cir. 2015)(equitable tolling warranted where petitioner's first counsel abandoned petitioner by making minimal visits to petitioner and then stopping the visits, blocking

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009)("To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity."). A petitioner must establish that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance caused the delay. Pace, 544 U.S. at 418. This is a highly fact-dependent determination. Spitsyn, 345 F.3d at 799. Petitioner bears the burden to prove equitable tolling. See Zepeda v. Walker, 581 F.3d 1018, 1019 (9th Cir. 2009). Petitioner must show that "'the extraordinary circumstances were the cause of his untimeliness . . . and that the 'extraordinary circumstances ma[de] it impossible to file a petition on time.'" Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)(citations omitted). Petitioner must show that an "external

---

petitioner's phone calls, not showing an intention at post-conviction hearings to actually represent petitioner, and failing to provide petitioner with reasons for counsel's delay; and where the state affirmatively misled petitioner into believing that the state court had excused petitioner's late filing and that the statute of limitations would be statutorily tolled); Gibbs v. LeGrand, 767 F.3d 879, 886-88 (9th Cir. 2014)(equitable tolling warranted where petitioner's counsel abandoned petitioner by failing to notify him of the state supreme court's denial of his appeal of his state post-conviction petition until after the expiration of the statute of limitations, despite petitioner's repeated inquiries); Doe v. Busby, 661 F.3d 1001, 1012-15 (9th Cir. 2011)(equitable tolling warranted where petitioner's counsel failed to file federal habeas petition after making numerous promises to timely file, did not return petitioner's file until long after the statute of limitations had run, and petitioner was reasonably diligent in pursuing his rights); and Bills v. Clark, 628 F.3d 1092, 1098-1101 (9th Cir. 2010)(equitable tolling may be warranted where mental impairment so severe that petitioner was unable personally either to understand the need to timely file or prepare a habeas petition, and that impairment made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence).

force" caused the untimeliness, rather than "oversight, miscalculation or negligence." Waldron-Ramsey, supra (citation omitted); see also Holland, 560 U.S. at 651-52.

Petitioner has failed to allege or show that circumstances beyond his control made it impossible for him to file a timely federal habeas petition. See Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005)(equitable tolling not available where the petitioner failed to meet burden of showing a "causal connection" between the petitioner's self-representation and his inability to file a timely federal habeas petition).

Moreover, any possible claim for equitable tolling based on Petitioner's lack of understanding of the law also fails. See Waldron-Ramsey, 556 F.3d at 1013 n.4 ("[We] have held that a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling."); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006)("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999)("Neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling . . . It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason.").

Because Petitioner has failed to demonstrate that he is

entitled to equitable tolling or that he is actually innocent, the Court must find the Petition to be untimely.

**ORDER**

For the foregoing reasons, IT IS ORDERED that: (1) Respondent's Motion to Dismiss the Petition is GRANTED; and (2) Judgment is entered denying the Petition and dismissing this action with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 8, 2020

                                              /s/
                                 ALKA SAGAR
               UNITED STATES MAGISTRATE JUDGE